PRUDENTIAL INS. CO. v. JOHN J. GILLIGAN.

1. APPLICATION OF REV. STAT. 3623 (LAN. 5776) TO RENEWAL OF POLICY OF LIFE INSURANCE.

The requirement of Rev. Stat. 3623 (Lan. 5776), that life insurance companies return a copy of the application for a policy of life insurance, contemplates more than one application in connection with one policy of life insurance, and the statute applies to the application for a renewal, and a copy of such application must be returned to the applicant if the company would avail itself of false statements in the application.

2. ACCEPTANCE OF PREMIUMS AS AN ESTOPPEL FOR DEFECTS IN APPLICATION FOR RENEWAL OF POLICY.

Premiums having been accepted by a life insurance company for three years after the application for renewal and reissue of the policy without return of the application as containing false statements, the company is, under Rev. Stat. 3626 (Lan. 5779), providing that receipt of three annual premiums estops all defenses by reason of errors or misstatements in the application, estopped from denying the validity of the policy because of such statements.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**D. F. Cash,** for plaintiff in error.

**C. F. Williams,** for defendant in error.

Hamilton County.

**JELKE, J.**

This action was brought by the plaintiff below against defendant on certain policies upon the life of one Mary McGrew, which it alleged had been assigned to him.

The answer sets up that there were certain false statements in the application upon which the policies had been renewed at one time, after they had lapsed. To this answer is a reply that no copy of the application upon which said policies had been renewed had ever been returned to the insured. This is not controverted on behalf of the company, and it appears from the record that this is so. It is contended on behalf of plaintiff in error that inasmuch as this application was made long after the insurance policy had been issued, that in the nature of things it could not be returned with, and as part of, the policy as provided in Rev. Stat. 3623 (Lan. 5776), and that therefore said section of the statute is not applicable to it. We are of opinion that this contention is not well taken. Said Rev. Stat. 3623 (Lan. 5776), reads as follows:

"Every company doing business in this state shall return with, and as part of any policy issued by it, to any person taking such policy, a full and complete copy of each application or other document held by it which is intended in any manner to affect the force or validity of such policy, and any company which neglects so to do shall, so long as it is in default for such copy, be estopped from denying the truth of any such application or other document; and in case such company neglect, for thirty days after demand made therefor, to furnish such copies, it shall be forever barred from setting up, as a defense to any suit on such policy, any incorrectness or want of truth of such application or other document."

The words of the statute clearly contemplate that there may be more than one application in connection with any policy. It certainly, at the time of renewal, was within the power of said insurance company to have returned to the insured a copy of the application on which said policy was renewed.

We are further of the opinion that the plaintiff in error was estopped below from making the defense relied on by Rev. Stat. 3626 (Lan. 5779), said company having received premiums for more than three years thereon.

Judgment affirmed.

**Swing** and **Giffen, JJ.,** concur.